UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

AUG 07 2020

David J. Bradley, Clerk of Court

| | |
|---|---|
| MENDELL MORGAN, | ) |
| Plaintiff, | ) Civil Action No.: |
| v. | ) Judge: |
| SOUTHWEST CREDIT SYSTEMS, L.P., | ) Magistrate: |
| Defendant. | ) Sections |

## PLAINTIFF'S COMPLAINT

Plaintiff, MENDELL MORGAN ("Plaintiff"), through Plaintiff's attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, SOUTHWEST CREDIT SYSTEMS, L.P. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

5. Plaintiff is a natural person residing in Houston, Texas.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Carrollton, Texas.

11. Defendant is a business entity engaged in the collection of debt in the State of Texas.

12. Defendant's business includes collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arose from transactions for personal, family, or household purposes.

19. In or around May of 2019, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

20. Around the same date, Defendant also reported the alleged debt to the credit bureaus.

21. The alleged debt relates to a Comcast bill from a house in Florida.

22. Plaintiff has never lived in Florida and does not owe the alleged debt.

23. Defendant knew or should have known Plaintiff does not owe the alleged debt.

24. Defendant failed to make disclosures required by 15 U.S.C. § 1692e in calls with Plaintiff.

25. Defendant made false representations regarding the amount and status of the alleged debt.

26. Plaintiff disputed the alleged debt and Defendant told Plaintiff it would send Plaintiff proof of the alleged debt, yet failed to do so.

27. Plaintiff also disputed the debt through the Consumer Financial Protection Bureau ("CFPB").

28. Defendant provided false verification in response to the CFPB dispute.

29. Defendant used false and deceptive means in an attempt to collect a debt.

30. Defendant used false, deceptive, unfair, and unconscionable collection practices.

31. Plaintiff suffered mental and emotional distress due to Defendant's illegal actions.

32. Plaintiff suffered financial and economic harm due to Defendant's illegal actions.

33. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff.

34. Defendant's collectors are familiar with the FDCPA.

## VIOLATIONS OF THE FDCPA

35. The preceding paragraphs are incorporated as if fully stated herein.

36. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

37. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## JURY DEMAND

38. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.
2. Statutory damages under the FDCPA of $1,000.
3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k.
4. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k.
5. Any other relief that this Court deems appropriate.

DATED: July 24, 2020

RESPECTFULLY SUBMITTED,

/s/
Samuel J. Ford, Esq., T.A.
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff